NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10145 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00204-VC-1 |
| v. | |
| TYLER AARON EHRMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 23, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Tyler A. Ehrman appeals the denial of his motion to suppress evidence found

during the search of his backpack. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This court reviews a denial of a motion to suppress *de novo*, *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007), and can affirm on any ground supported by the record, *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 & n.2 (9th Cir. 2002).

Ehrman moved to suppress evidence resulting from a search of his backpack on the basis that the search violated the Fourth Amendment. Ehrman abandoned his backpack prior to its search but claims he did so involuntarily. If Ehrman voluntarily abandoned his backpack, he lacks standing to challenge the admissibility of evidence found in the backpack. *United States v. Fisher*, 56 F.4th 673, 686 (9th Cir. 2022) ("[P]ersons who voluntarily abandon property lack standing to complain of its search or seizure." (alteration in original) (quoting *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986))).

To determine whether Ehrman voluntarily abandoned his backpack, we must determine if Ehrman had been seized by the police at the time of the abandonment and, if so, whether the seizure was lawful. *Washington*, 490 F.3d at 769–74 (analyzing first whether a defendant was seized and second whether the seizure was lawful). We need not reach the second question if there was no seizure. A person is seized under the Fourth Amendment "when there is a governmental termination of freedom of movement through means intentionally applied." *United States v. Al Nasser*, 555 F.3d 722, 728 (9th Cir. 2009) (emphasis omitted) (quoting *Brower v.*

*County of Inyo*, 489 U.S. 593, 596–97 (1989)). Freedom of movement is terminated when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

Here, Ehrman dropped his backpack when Deputy Chaloner shined his patrol car's spotlight on Ehrman, but then Ehrman continued to walk away. There is no evidence that Ehrman believed he was not free to leave and, in fact, his decision to continue walking implies he thought he was free to leave. Accordingly, Ehrman was not seized at the time he abandoned his backpack and, therefore, the abandonment was voluntary. *See McClendon*, 713 F.3d at 1215–16 (finding no seizure where defendant's "act of walking away . . . showed a failure to submit to the authority of the police"); *Al Nasser*, 555 F.3d at 728–31 (finding that the objective circumstances did not amount to a seizure).

Because we conclude in response to the first question that Ehrman voluntarily abandoned his backpack, we need not reach the second question.

**AFFIRMED.**

22-10145